(March 2, 1978)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE BARBALINARDO, Appellant.—Judgment, Supreme Court, New York County, rendered on October 14, 1976, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur—Murphy, P. J., Silverman, Evans, Lane and Sandler, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBY LAZARUS, Appellant.—Judgment, Supreme Court, New York County, rendered on October 14, 1976, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur—Murphy, P. J., Silverman, Evans, Lane and Sandler, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ALLEN, Appellant.—Judgment, Supreme Court, New York County, rendered on May 28, 1976, unanimously affirmed. Application by appellant's counsel to withdraw as counsel granted (see *Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833). No opinion. Concur—Murphy, P. J., Lupiano, Lane, Markewich and Sullivan, JJ.

■ LEXCO, INC., Doing Business as HOTEL LEXINGTON, Respondent-Appellant, v ALAMEDA ROOM, INC., Doing Business as CHATEAU MADRID, Appellant-Respondent.—Order, Supreme Court, New York County, entered April 15, 1977, which severed and dismissed the first, third and fourth affirmative defenses in respondent's answer, and denied the motion to dismiss the petition and to vacate the arbitration award and directed that a hearing be held as to the sufficiency of respondent's second affirmative defense, unanimously modified, on the law, without costs or disbursements, to the extent of striking the second affirmative defense and directing judgment confirming the arbitrator's award and except as thus modified, affirmed. By having participated in the arbitration, respondent waived its right to object to the confirmation of the award on the grounds that the agreement to arbitrate had not been complied with. (CPLR 7511, subd [b], par 2, cl [iii].) Thus, the issue of whether only the impartial chairman, and no one else, would be authorized to arbitrate disputes and grievances under the collective bargaining agreement is not preserved as a ground for challenging the arbitrator's award. Concur—Murphy, P. J., Birns, Silverman, Evans and Sullivan, JJ.

■ AMIGO FOODS CORP., Respondent, v MARINE MIDLAND BANK-NEW YORK et al., Defendants, E. H. PARENT, INC., et al., Respondents, and AROOSTOOK TRUST COMPANY, Appellant.—Order, Supreme Court, New York County, entered May 6, 1977, denying defendant Aroostook Trust Company's motion to dismiss the complaint and cross claims against it pursuant to CPLR 3211 (subd [a], par 8) for lack of jurisdiction of the person, unanimously reversed, on the law, defendant-appellant's motion to dismiss the complaint and cross claims against it for lack of jurisdiction granted, and the action severed as against it accordingly. Defendant-appellant shall recover of plaintiff-respondent and defendants-respondents one bill of $60 costs and disbursements of this appeal. On a previous appeal, the Court of Appeals remanded this case for the purpose of permitting disclosure proceedings to determine "whether Aroostook purposely availed itself of the privilege of conducting activities in New York thereby invoking the benefits